**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KIRK LEWIS, §<br>§<br>*Debtor-Appellant*, §<br>§<br>v. §<br>§<br>BILLY F. HILL; MARGIE HILL; ERIC B. §<br>HILL; and THERESA HILL §<br>McCULLOUGH, §<br>§<br>*Plaintiffs-Appellees*, §<br>§<br>v. §<br>§<br>MARK A. WEISBART, §<br>§<br>*Trustee*. §<br>§ | CIVIL ACTION No. 4:10CV242<br><br>U.S. Bankruptcy Court Case No. 09-41111<br>and Adversary No. 09-04101 |

## **MEMORANDUM OPINION ON APPEAL FROM BANKRUPTCY COURT**

While Debtor-Appellant Kirk Lewis was serving as trustee for a family trust, he wrote a check from the trust's bank account to his own business. He later filed for bankruptcy under Chapter 13 of the Bankruptcy Code,[1] and the bankruptcy court in that case approved a claim by Plaintiffs-Appellees the Hills, who are beneficiaries of the trust, for the money that Mr. Lewis had transferred from the trust's account. When Mr. Lewis stopped making required payments under his reorganization plan, the Chapter 13 case was dismissed. Mr. Lewis subsequently filed

---

[1] *See In re Lewis*, No. 05-44432 (Bankr. E.D. Tex. dismissed Sept. 17, 2008). Documents from Mr. Lewis's Chapter 13 case will be cited in this opinion as "Ch. 13 Doc. #____."

1

for bankruptcy under Chapter 7 of the Bankruptcy Code,[2] and this appeal arises out of the Chapter 7 case.

The Hills initiated an adversary proceeding seeking a judgment that Mr. Lewis's debt to them is not dischargeable in bankruptcy.[3] Mr. Lewis and the Hills, agreeing that the bankruptcy court's order approving the Hills' claim in the earlier Chapter 13 case had preclusive effect, filed cross-motions for summary judgment in the adversary proceeding. Relying on its finding in the Chapter 13 case that Mr. Lewis had breached his fiduciary duty to the trust and its beneficiaries by making an improper disbursement to his own business, the bankruptcy court granted summary judgment to the Hills that Mr. Lewis's debt to them for the improper disbursement is nondischargeable pursuant to 11 U.S.C. § 523(a)(4). Mr. Lewis appeals. The court finds no error in the bankruptcy court's rulings, and the judgment of the bankruptcy court is therefore affirmed.

## I. BACKGROUND

**A. Factual Background**[4]

In 1989, Maud Hill set up the Maud Hill Life Insurance Trust ("the Trust"), which created eight separate trusts of equal value to be administered by a single trustee. Each trust had its own beneficiary. The beneficiaries are the Appellees in this case, Billy Hill, Margie Hill, Eric

---

[2] *See In re Lewis*, No. 09-41111 (Bankr. E.D. Tex. filed Apr. 13, 2009).

[3] *See Hill v. Lewis* (*In re Lewis*), No. 09-04101 (Bankr. E.D. Tex. filed July 21, 2009). Documents from the adversary proceeding will be cited in this opinion as "Adversary Doc. #____."

[4] As discussed in Part II.C, *infra*, the factual findings made by the bankruptcy court in its March 14, 2007 Memorandum Opinion and Order in the Chapter 13 proceeding, which allowed in part and disallowed in part the Hills' proof of claim in that proceeding, have a preclusive effect in this proceeding. Unless otherwise noted, the background facts in this section are taken from that order. [*See* Ch. 13 Doc. #130.]

Hill, and Theresa Hill McCullough ("the Hills"), and also Shirley Lewis, Billy Lewis, Craig Lewis, and the Appellant in this case, Kirk Lewis.[5] The initial trustee was Maud Hill's son Billy Hill, who is also a beneficiary. The Trust Agreement contains provisions regarding the process for resignation of the trustee and appointment of a successor trustee; the Agreement prohibits the appointment of a beneficiary as a successor trustee.

In 1997, Billy Hill, as trustee and as attorney-in-fact for Maud Hill, filed a lawsuit against Billy Lewis and Eau de Vie, Inc. ("EDV") over money that Maud Hill and the Trust had loaned to Billy Lewis, which Billy Lewis had allegedly re-loaned to EDV. Billy Lewis's son Kirk Lewis was EDV's president and owned more than 99% of EDV's outstanding stock. The 1997 lawsuit resulted in a settlement. Part of the settlement required Kirk Lewis, as president of EDV, to execute a note to the Trust in the principal amount of $383,032; the note required monthly payments from EDV to the Trust.

In 1999, Maud Hill revoked Billy Hill's power of attorney, and instead granted power of attorney to Kirk Lewis. Kirk Lewis, as attorney-in-fact for Maud Hill, then filed a lawsuit against Billy Hill for breach of Billy Hill's fiduciary duty as trustee; the lawsuit sought to recover for alleged conversion of Trust property and Maud Hill's property. This lawsuit resulted in a first settlement, pursuant to which Dan Curtis, Kirk Lewis's uncle, was appointed as trustee in 2000. Following allegations by Kirk Lewis that he was fraudulently induced into entering the first

---

[5] Billy Hill and Shirley Lewis are Maud Hill's children. Margie Hill is Billy Hill's wife, and Eric Hill and Theresa Hill McCullough are Billy and Margie Hill's children. Billy Lewis is Shirley Lewis's husband, and Craig Lewis and Kirk Lewis are Shirley and Billy Lewis's children.

settlement, the lawsuit resulted in a second settlement that superseded the first. Dan Curtis remained trustee following the second settlement.

Maud Hill died in November 2001. Thereafter, Kirk Lewis began to refer to himself as the trustee for the Trust. In November or December of 2001, Mr. Lewis established a bank account at Legacy Bank for the "Maud A. Hill Life Insurance Trust"; Mr. Lewis listed himself as trustee on the account. On December 31, 2001, the Trust executed a promissory note and a security agreement, which were both signed by Mr. Lewis on the Trust's behalf as "Acting Trustee." In 2002, Mr. Lewis filed a tax form with the IRS on the Trust's behalf on which he was listed as "Trustee." Additionally, Mr. Curtis at some point transferred all of the Trust's documents to Mr. Lewis.

Following establishment of the account at Legacy Bank, Mr. Lewis endorsed a check made payable to the Trust pursuant to settlement of the 1999 lawsuit and deposited the check into the Trust's account at the bank. On January 31, 2002, EDV wrote a check payable to the Trust, which Mr. Lewis also deposited into the Trust's account at Legacy Bank. EDV's records show that this check was a payment to the Trust on the note that resulted from settlement of the 1997 lawsuit. In February 2002, Mr. Lewis emptied the Trust's bank account of all but $10 by writing a check to EDV in the amount of $66,860.71. In November of 2003, Mr. Lewis told Billy Hill that Mr. Curtis had resigned as trustee and that Mr. Lewis had assumed the role of trustee under the Trust Agreement.

**B. Procedural Background**

In 2005, Mr. Lewis filed a case under Chapter 13 of the Bankruptcy Code. The Hills filed a claim against the estate, and Mr. Lewis objected to the allowance of the Hills' claim. [Ch. 13

4

Doc. #130 at 2.] Following a hearing, the bankruptcy court in the Chapter 13 proceeding issued a Memorandum Opinion and Order allowing in part and disallowing in part the Hills' proof of claim. [*See* Ch. 13 Doc. #130.]

In that order, the bankruptcy court made the following findings relevant to this appeal:

– Although Mr. Lewis and Mr. Curtis had clearly failed to follow the terms of the Trust Agreement for the appointment of a successor trustee, Mr. Lewis had nonetheless been acting as trustee under the Trust Agreement since approximately December 31, 2001. [Ch. 13 Doc. #130 at 19.] Under the doctrine of quasi-estoppel, because Mr. Lewis had assumed the role of trustee, he was now precluded from taking an inconsistent position to the Hills' disadvantage. [*See* Ch. 13 Doc. #130 at 19.]

– As trustee of the Trust beginning in December 2001, Mr. Lewis owed a fiduciary duty to the Trust and its beneficiaries under Texas law, and Mr. Lewis breached his fiduciary duty when he disbursed $66,860.71 from the Trust's bank account to EDV in February 2002. [*See* Ch. 13 Doc. #130 at 23.] Mr. Lewis was therefore liable to the Trust and its beneficiaries for $66,860.71. [Ch. 13 Doc. #130 at 24.]

Mr. Lewis did not appeal from this order in the Chapter 13 proceeding.

Mr. Lewis made payments to the Hills for several years under his Chapter 13 reorganization plan. [Doc. #7, Appellant's Br. ¶ 5; Doc. #12, Appellees' Br. at 9.] The Chapter 13 case was subsequently dismissed after Mr. Lewis stopped making required payments to the Chapter 13 trustee. [*See* Doc. #7 ¶ 5; Doc. #12 at 9.] Following the dismissal of his Chapter 13 case, Mr. Lewis filed a case under Chapter 7 of the Bankruptcy Code. The Hills then initiated an adversary proceeding seeking a judgment that Mr. Lewis's obligation to them is not dischargeable in bankruptcy. [*See* Doc. #7 ¶ 7; Doc. #12 at 10.]

On March 30, 2010, the bankruptcy court in the adversary proceeding issued the Memorandum Opinion from which Mr. Lewis now appeals, granting in part the Hills' summary judgment motion and finding that Mr. Lewis's debt to the Hills in the amount of $33,430.36 is nondischargeable under 11 U.S.C. § 523(a)(4). [*See* Adversary Doc. #24, Mem. Op. Re: Reqs.

for Summ. J.] The basis of the bankruptcy court's holding was that Mr. Lewis's debt to the Hills resulted from "defalcation while acting in a fiduciary capacity"—while serving as trustee of the Trust, Mr. Lewis "deliberately emptied the trust's bank account and transferred the funds . . . to his own company." [*See* Adversary Doc. #24 at 8-9.]

## II. DISCUSSION

### A. Issues Presented

Mr. Lewis raises three issues on appeal: (1) whether the bankruptcy court erred in applying a preclusive effect to the order allowing in part the Hills' proof of claim in Mr. Lewis's prior Chapter 13 case; (2) whether the bankruptcy court had a sufficient record to find Mr. Lewis liable for defalcation in a fiduciary capacity; and (3) whether the bankruptcy court erred in granting judgment that Mr. Lewis's debt to the Hills in the amount of $33,430.36 is nondischargeable under 11 U.S.C. § 523(a)(4). [*See* Doc. #2, Appellant's Statement of Issues on Appeal.]

Appellees move to dismiss this appeal as frivolous [*see* Doc. #8, Mot. to Dismiss], and in the alternative argue that the decision of the bankruptcy court should be affirmed in all respects [*see* Doc. #12].

### B. Standard of Review

The bankruptcy court's findings of fact are reviewed for clear error, while its legal conclusions and any mixed questions of law and fact are reviewed de novo. *Highland Capital Mgmt. LP v. Chesapeake Energy Corp.* (*In re Seven Seas Petroleum, Inc.*), 522 F.3d 575, 583 (5th Cir. 2008). Mr. Lewis appeals from the bankruptcy court's Memorandum Opinion granting in part the Hills' summary judgment motion in the adversary proceeding. A bankruptcy court's

6

grant of summary judgment is reviewed de novo. *See First Am. Title Ins. Co. v. First Trust Nat'l Ass'n* (*In re Biloxi Casino Belle Inc.*), 368 F.3d 491, 496 (5th Cir. 2004). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* (citing Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056). In an action to determine the dischargeability of a debt, the creditor bears the burden of proof to establish by a preponderance of the evidence that his or her claim is not dischargeable. *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S. Ct. 654, 659 (1991).

**C. Preclusive Effect of Bankruptcy Court's Findings in the Chapter 13 Proceeding**

Mr. Lewis argues that the bankruptcy court erred by applying a preclusive effect to the factual findings and legal conclusions made in Mr. Lewis's prior Chapter 13 case. [*See* Doc. #7 at 6-7; Doc. #15, Appellant's Reply Br. at 1-2, 3; Doc. #14, Appellant's Resp. to Mot. to Dismiss at 1-2.] Collateral estoppel, or issue preclusion, applies in bankruptcy dischargeability proceedings.[6] *Grogan*, 498 U.S. at 285 n.11, 111 S. Ct. at 658 n.11; *Raspanti v. Keaty* (*In re Keaty*), 397 F.3d 264, 270 (5th Cir. 2005). Parties may invoke collateral estoppel in certain circumstances to bar relitigation of issues relevant to dischargeability. *Schwager v. Fallas* (*In re Schwager*), 121 F.3d 177, 181 (5th Cir. 1997). For collateral estoppel to apply, three requirements must be satisfied: (1) the issue to be precluded must be identical to that involved in the prior action; (2) in the prior action the issue must have been actually litigated; and (3) the determination made of the issue in the prior action must have been necessary to the resulting judgment. *Sheerin v. Davis* (*In re Davis*), 3 F.3d 113, 114 (5th Cir. 1993).

---

[6] The doctrine of res judicata, or claim preclusion, does not apply in bankruptcy dischargeability proceedings. *Schwager v. Fallas* (*In re Schwager*), 121 F.3d 177, 187 (5th Cir. 1997).

All three of these requirements are satisfied in this case. First, the issues to be precluded by the Chapter 13 action are identical to issues in this action. As discussed further in Part II.D, *infra*, state law is important in determining whether or not a fiduciary obligation exists under Section 523(a)(4), although the ultimate issue is one of federal law. *See Schwager*, 121 F.3d at 186. In the Chapter 13 case, the bankruptcy court addressed the issue of Mr. Lewis's fiduciary duty under state law, and made factual determinations underlying that issue that are relevant to the determination of dischargeability in this case.

Second, the issues of whether, under Texas law, Mr. Lewis owed a fiduciary duty to the Trust and its beneficiaries, and whether he breached that duty, as well as the disputed facts underlying those issues, were actually litigated in the Chapter 13 proceeding. Third, the factual findings regarding Mr. Lewis's actions in referring to himself as "trustee" on various documents, opening the Legacy Bank account in the Trust's name, and depositing checks to the Trust in the account were necessary to the court's determination that Mr. Lewis became the trustee. The factual finding that Mr. Lewis all but emptied the Trust's bank account by writing a check to EDV in the amount of $66,860.71 was necessary to the court's determination that Mr. Lewis breached his fiduciary duty ast trustee. And the determination that Mr. Lewis was liable for breach of fiduciary duty was necessary to the bankruptcy court's partial allowance of the Hills' proof of claim in the Chapter 13 proceeding.

Mr. Lewis appears to argue that the issues to be precluded by the Chapter 13 action are not identical to issues in this action because the court in that proceeding made no specific finding of defalcation, nor any specific finding that Mr. Lewis's transfer of funds from the Legacy Bank account to EDV was a "willful neglect of duty." [*See* Doc. #15 at 2, 7-8, 9]; *see also Schwager*,

121 F.3d at 182 (defalcation is defined as willful neglect of duty). Mr. Lewis is correct that such findings were not made in the Chapter 13 proceeding; the issue of defalcation under Section 523(a)(4) was not before the court in that case.

However, the court in the Chapter 13 proceeding determined that Mr. Lewis had breached his fiduciary duty, and made subsidiary factual findings that were necessary to that determination. It was permissible for the bankruptcy court in this case to utilize the findings made in the prior proceeding and determine whether those findings evidence conduct on the part of Mr. Lewis that would constitute defalcation. *See Dauterman v. Goodman Grp., Inc.* (*In re Dauterman*), No. 92-1687, 1993 WL 13569372, at *3 to *4 (5th Cir. May 20, 1993) ("As the district court noted, while the legal issues posed by section 523(a)(4) were not addressed in the [prior] proceeding, 'the facts necessary for the bankruptcy court to make the required § 523(a)(4) determinations were fully litigated.'").

Mr. Lewis did not file any appeal of the March 14, 2007 Memorandum Opinion and Order in the Chapter 13 proceeding. Further, in this adversary proceeding, Mr. Lewis has already *agreed* that the parties are barred from relitigating the underlying facts of this case. [*See* Adversary Doc. #14, Def.'s Mot. for Summ. J. at 1.] Mr. Lewis's real argument with respect to this point of error appears to be not that the findings of the court in the Chapter 13 proceeding do not have preclusive effect, but rather that the subsidiary facts underlying the bankruptcy court's prior finding of breach of fiduciary duty are insufficient to support the bankruptcy court's finding of defalcation in this case. [*See* Doc. #7 at 6-7 (citing *Harold V. Simpson & Co. v. Shuler* (*In re Shuler*), 722 F.3d 1253, 1257-58 (5th Cir. 1984) (prior judgment must contain subsidiary factual findings sufficient to allow bankruptcy court to determine nondischargeability claim

9

under federal law); Doc. #14 at 1-2, 7-8; Doc. #15 at 1-2 ("Appellant . . . contends that the Bankruptcy Court's [prior] findings were not legally or factually sufficient on their face to grant a judgment for non-dischargeability [in this case].").] That argument is addressed in Part II.D, *infra*.

To the extent that Mr. Lewis argues that the bankruptcy court in this case should have revisited the prior holding that Mr. Lewis was liable to the Hills for breach of fiduciary duty under Texas law or the underlying facts necessary to that holding, he is incorrect. Collateral estoppel bars Mr. Lewis from relitigating factual and legal issues that were actually litigated and necessarily decided as part of the Chapter 13 litigation. It was proper for the bankruptcy court to treat as preclusive the prior factual findings and legal conclusions concerning Mr. Lewis's breach of fiduciary duty under Texas law, and to then determine whether those prior findings and conclusions required the legal conclusion in this case that the debt owed by Mr. Lewis to the Hills is nondischargeable under Section 523(a)(4).

### D. Whether the Bankruptcy Court's Finding of Defalcation in a Fiduciary Capacity is Supported by the Record[7]

The dischargeability of Mr. Lewis's debt to the Hills is an issue independent from the validity of the Hills' underlying claim. *See Grogan*, 498 U.S. at 283-84, 289, 111 S. Ct. at 657-658, 661 (validity of creditor's claim determined by state law; dischargeability is matter

---

[7] Appellees argue that Mr. Lewis did not raise this issue before the bankruptcy court and is now precluded from raising it for the first time on appeal. [*See* Doc. #12 at 14.] However, in the adversary proceeding, Mr. Lewis specifically argued on summary judgment that the prior factual findings made by the bankruptcy court in the Chapter 13 proceeding and the prior finding of breach of fiduciary duty were not sufficient to support a judgment of nondischargeability under Section 523(a)(4). [*See* Adversary Doc. #22, Def.'s Reply in Support of Mot. for Summ. J. ¶¶ 3-4.] The court finds this issue to be adequately preserved.

of federal law governed by terms of Bankruptcy Code). As discussed in Part II.C, *supra*, the validity of the Hills' claim for breach of fiduciary duty has already been decided by the bankruptcy court in the Chapter 13 proceeding, and collateral estoppel bars the parties from relitigating that issue. At issue in this case is whether Mr. Lewis's debt to the Hills is dischargeable under 11 U.S.C. Section 523(a)(4).

Section 523(a)(4) provides that a debtor is not discharged from "any debt . . . for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. § 523(a)(4). In order for a debt to be nondischargeable under this section, (1) the debt must have arisen while the debtor was in a fiduciary capacity with respect to the creditor; and (2) the debt must have arisen from defalcation while acting in that capacity. *See id.*; *Schwager*, 121 F.3d at 184-186. The court will address each of these issues in turn.

*1. Fiduciary Capacity Under Section 523(a)(4)*

The concept of fiduciary under Section 523(a)(4) "is narrowly defined." *LSP Inv. P'ship v. Bennett* (*In re Bennett*), 989 F.2d 779, 784 (5th Cir. 1993) (citing *Angelle v. Reed* (*In re Angelle*), 610 F.2d 1335 (5th Cir. 1980)). It applies only to technical or express trusts, and not to constructive trusts. *Id.* Further, the trust giving rise to the fiduciary relationship must exist prior to the act creating the debt, i.e. the debtor must have been a trustee prior to his or her wrongdoing. *Id.* However, the Fifth Circuit has "not hesitated to conclude that debts arising from misappropriation by persons serving in a traditional, pre-existing fiduciary capacity, as understood by state law principles, are non-dischargeable." *Gupta v. E. Idaho Tumor Inst., Inc.* (*In re Gupta*), 394 F.3d 347, 350 (5th Cir. 2004).

The requisite trust relationship under Section 523(a)(4) can arise pursuant to statute, common law, or a formal trust agreement. *Bennett*, 989 F.2d at 785. The court must first look to state law in order to determine what obligations are imposed on the debtor with respect to the relationship at issue, and then decide whether the obligations imposed under state law are sufficient to meed the federal law requirements of "fiduciary capacity" under Section 523(a)(4). *See id.* "The scope of the concept of fiduciary under 11 U.S.C. § 523(a)(4) is a question of federal law; however, state law is important in determining whether or not a trust obligation exists." *Id.* at 784.

In this case, there is no question that a trust existed, and that it was an express trust created by a formal trust agreement. The bankruptcy court held in the Chapter 13 proceeding that, although Mr. Lewis was never formally appointed as trustee under the terms of the Trust Agreement, he nevertheless became trustee in December 2001 as a result of his actions of opening a bank account in the Trust's name and signing various legal documents on behalf of the Trust as "Acting Trustee." [*See* Ch. 13 Doc. #130 at 19.] The court based its holding that Mr. Lewis became trustee on the Texas common-law doctrine of quasi-estoppel, finding that, having assumed the role of trustee under the Trust Agreement, Mr. Lewis was precluded from later taking an inconsistent position to the Hills' disadvantage. [*See* Ch. 13 Doc. #130 at 19 (citing *Bott v. J.F. Shea Co.*, 299 F.3d 508 (5th Cir. 2002) (Texas courts have applied quasi-estoppel doctrine when it would be unconscionable to allow person to maintain position inconsistent with one to which he acquiesced or accepted a benefit).]

Collateral estoppel bars Mr. Lewis from relitigating the bankruptcy court's prior holding that he became trustee in December 2001. As the improper disbursement to EDV was not made

until February 2002, Mr. Lewis was a trustee prior to the act creating the debt. Under Texas law, "[h]igh fiduciary standards are imposed upon trustees." *Ditta v. Conte*, 298 S.W.3d 187, 191 (Tex. 2009) (citing *Humane Soc'y of Austin & Travis Cnty. v. Austin Nat'l Bank*, 531 S.W.2d 574, 577 (Tex. 1976)); *see also* Tex. Prop. Code Ann. §§ 111.0035(b)(4)(B), 113.051 (West 2007) (trustee owes duty to act in good faith and in accordance with purpose and terms of trust). These high fiduciary obligations imposed by Texas law are sufficient to meet the federal law requirements of "fiduciary capacity" under Section 523(a)(4). *See Gupta*, 394 F.3d at 350 (debts arising from misappropriation by persons acting in traditional, pre-existing fiduciary capacity are nondischargeable).

Mr. Lewis argues that the bankruptcy court's finding that he was acting in a fiduciary capacity within the meaning of Section 523(a)(4) is not supported by the prior factual findings made in the Chapter 13 proceeding because he was never appointed as trustee under the Trust Agreement. [*See* Doc. #7 at 8-9.] He argues that "[a] fiduciary role arising by operation of law or otherwise is not sufficient" to satisfy the definition of "fiduciary" under Section 523(a)(4). [*See* Doc. #15 at 4-6.] That is incorrect—the trust obligations necessary under Section 523(a)(4) can arise pursuant to common law. *Bennett*, 989 F.2d at 785. The bankruptcy court in the Chapter 13 proceeding found that the Texas common law of quasi-estoppel imposed trustee duties on Mr. Lewis notwithstanding the fact that the Trust Agreement provisions regarding the process for appointment of a successor trustee had not been followed; in light of his actions in assuming the role of trustee, Mr. Lewis was estopped from arguing that he was not actually the trustee of the Trust. [*See* Ch. 13 Doc. #130 at 19.] Collateral estoppel bars Mr. Lewis from relitigating that finding.

13

Mr. Lewis also argues that the bankruptcy court's finding that he was acting in a fiduciary capacity within the meaning of Section 523(a)(4) is not supported by the prior factual findings made in the Chapter 13 proceeding because the funds he deposited into the account at Legacy Bank were not Trust funds but rather funds belonging to EDV. [*See* Doc. #7 at 9; Doc. #15 at 5 n.12, 6 & n.15.] This argument was previously considered and rejected by the bankruptcy court in the Chapter 13 proceeding. The court in that case found that:

– Mr. Lewis retained the check from Billy Hill payable *to the Trust* as settlement of the 1999 lawsuit and later deposited that check into the Legacy Bank account [Ch. 13 Doc. #130 at 8, 11];

– EDV's books and records show that the check deposited in the Legacy Bank account by Mr. Lewis in January 2002 was a payment *to the Trust* on the note that had resulted from settlement of the 1997 lawsuit [Ch. 13 Doc. #130 at 23]; and

– Mr. Lewis's testimony that he did not believe the Trust existed at the time he deposited the check from EDV in January 2002 was not credible and was contradicted by his own actions [Ch. 13 Doc. #130 at 23].

Collateral estoppel bars Mr. Lewis from relitigating the court's findings in the Chapter 13 case that the funds in the Legacy Bank account were Trust funds.

This court finds no error in the bankruptcy court's holding below that the trustee-beneficiary relationship between Mr. Lewis and the Hills, even though it arose from application of Texas common law rather than from formal appointment under the Trust Agreement, is sufficient to establish that Mr. Lewis owed a duty to the Hills that is "fiduciary" for purposes of Section 523(a)(4).

*2. Defalcation Under Section 523(a)(4)*

Defalcation is defined as "a willful neglect of duty, even if not accompanied by fraud or embezzlement." *Schwager*, 121 F.3d at 184. Unlike fraud, defalcation does not require actual

14

intent. *Id.* at 185. However, it does require some level of mental culpability; "willful neglect" is essentially a recklessness standard. *Id.* "Willful neglect" is measured objectively by reference to what a reasonable person in the debtor's position knew or reasonably should have known. *Office of Thrift Supervision v. Felt* (*In re Felt*), 25 F.3d 220, 226 (5th Cir. 2001). "The objective standard charges the debtor with knowledge of the law without regard to an analysis of his actual intent or motive." *Id.* Mr. Lewis challenges the bankruptcy court's conclusion that, based upon the prior findings from the Chapter 13 proceeding, Mr. Lewis's transfer of funds from the Legacy Bank account to EDV constituted willful neglect, and thus defalcation under Section 523(a)(4).

Mr. Lewis argues that the prior findings are not sufficient to meet the mental culpability requirement for defalcation because at the time he transferred funds from the Legacy Bank account to EDV, he did not believe that he was the trustee or had assumed the role of trustee of the Trust, and thus he was unaware that he owed any fiduciary duty. [*See* Doc. #15 at 5 n.12, 8-9.] To begin with, "willful neglect" is measured by an objective standard that charges Mr. Lewis with knowledge of the law. *See Felt*, 25 F.3d at 226. Further, the bankruptcy court in the Chapter 13 proceeding specifically found that Mr. Lewis was aware that trustees owe a fiduciary duty. [*See* Ch. 13 Doc. #130 at 21 (Mr. Lewis was aware that Mr. Curtis owed fiduciary duty to Trust and beneficiaries during his tenure as trustee; Mr. Lewis had previously sued Billy Hill for breach of fiduciary duty in 1999 lawsuit).] The court also found that Mr. Lewis's testimony that he did not believe the Trust existed at the time he deposited the check from EDV in January 2002 was not credible. [Ch. 13 Doc. #130 at 23.]

Collateral estoppel bars Mr. Lewis from relitigating these prior findings. And, these prior findings are sufficient to support the bankruptcy court's finding in the adversary proceeding that a reasonable person in Mr. Lewis's position, even if he believed he was merely the "acting trustee," knew or reasonably should have known that the funds in the Legacy Bank account were Trust funds and that it was reckless or wrongful to empty the Trust's account by writing a check to his own business. [*See* Adversary Doc. #24 at 8-9.]

Mr. Lewis also argues that the prior findings are not sufficient to meet the mental culpability requirement for defalcation because the bankruptcy court in the Chapter 13 proceeding made no finding that his conduct was reckless or a was a willful neglect of duty. [*See* Doc. #15 at 7-8, 9-10.] While the court in the Chapter 13 proceeding did not make any specific findings as to "willful neglect," as that issue was not before the court at that time, it did make factual findings that were necessary to its determination that Mr. Lewis had breached his fiduciary duty. Those prior factual findings supply the basis for the bankruptcy court's determination of "willful neglect" in the adversary proceeding. *See Dauterman*, 1993 WL 13569372, at *3 to *4.

Mr. Lewis also appears to argue that his disbursement of funds from the Legacy Bank account to EDV was not wrongful because under the Trust Agreement, the trustee may distribute funds in his or her "absolute and uncontrolled discretion" [*see* Adversary Doc. #1-3, Trust Agreement Art. I, § 1.3], and thus the Hills had no right to any distribution from the Trust in February 2002. [*See* Doc. #7 at 10; Doc. #15 at 10.] However, as trustee, Mr. Lewis had a duty to act in good faith, a duty that under Texas law cannot be modified by the terms of the Trust Agreement. Tex. Prop. Code Ann. § 111.0035(b)(4)(B). The bankruptcy court in the Chapter 13

proceeding found that he breached this duty by making an improper disbursement to EDV; whether the Hills had a right to distribution from the Trust is irrelevant.

This court finds no error in the bankruptcy court's holding below that Mr. Lewis's actions in emptying the Trust's bank account by writing a check for $66,860.71 from the Trust's account to EDV, his own company, evidence a willful neglect of his duty as trustee and thus constitute defalcation under Section 523(a)(4).

**E. Whether the Bankruptcy Court Erred in Granting the Hills Judgment**

As discussed in Part II.D, *supra*, the bankruptcy court's judgment that Mr. Lewis's debt to the Hills is nondischargeable under Section 523(a)(4) is supported by the record. The court discerns no other error in the bankruptcy court's judgment, to the extent this broadly stated point of error even preserves an issue for appeal. *See Kirschberg v. First Nat'l Bank* (*In re Trevino*), 2005 WL 1473966, at *2 (W.D. Tex. June 21, 2005) (finding appellants' broad statement that they "respectfully disagree with [the] ruling by the [Bankruptcy] Court" insufficient to preserve any issues).

**F. Frivolousness of Appeal**

A district court considering an appeal from a bankruptcy court's order may "award just damages and single or double costs to the appellee" if the court determines the appeal is frivolous. Fed. R. Bankr. P. 8020. The standard used to determine whether a bankruptcy appeal is frivolous under Bankruptcy Rule 8020 is the same standard applied to determine whether an appeal is frivolous under Federal Rule of Appellate Procedure 38. *See* Fed. R. Bankr. P. 8020 advisory committee's note. "An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit." *Coghlan v. Starkey*, 852 F.2d 806, 811 (5th Cir. 1988).

The Hills assert that Mr. Lewis's appeal lacks any issue of arguable merit and should be dismissed as frivolous, arguing that (1) Mr. Lewis's argument that the bankruptcy court erred in applying a preclusive effect to the findings made in the Chapter 13 proceedings is spurious; (2) in arguing that the bankruptcy court's finding of defalcation in a fiduciary capacity is not supported, Mr. Lewis makes an improper attempt to challenge the prior factual findings made in the Chapter 13 case; and (3) Mr. Lewis's broad argument that the bankruptcy court "erred in granting Plaintiff[s] Judgment" fails to preserve any issue for appeal. [*See* Doc. #8 at 10-13.]

Mr. Lewis's arguments that the prior findings made in the Chapter 13 case do not have preclusive effect and that the bankruptcy court "erred in granting Plaintiff[s] Judgment" are indeed questionable. However, Mr. Lewis's argument that the factual and legal findings made by the bankruptcy court in the prior Chapter 13 proceeding are insufficient to support the bankruptcy court's finding of defalcation in a fiduciary capacity in this case is not frivolous. Although Mr. Lewis's briefs in this case do make attempts to reargue issues that are barred by collateral estoppel, the court does not find that Mr. Lewis's appeal is so wholly without merit as to warrant a dismissal as frivolous.

### III. CONCLUSION

Appellees' Motion to Dismiss Appeal as Frivolous and Request for Attorneys' Fees and Costs [Doc. #8] is hereby **DENIED**.

It is **ORDERED** that the bankruptcy court's March 30, 2010 Judgment and Memorandum Opinion Regarding Requests for Summary Judgment are hereby **AFFIRMED**.

So **ORDERED** and **SIGNED** this **31** day of **March, 2011.**

_____
Ron Clark, United States District Judge